# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **CV 17-5906-JPR**                                  Date: **October 18, 2018**
Title:  <u>**Shirley Lindsay v. Erwine Props., LLC**</u>
===============================================================
DOCKET ENTRY: **Order Granting in Part Plaintiff's Motion for Attorney's Fees**
===============================================================
PRESENT:

           **HON. JEAN P. ROSENBLUTH, MAGISTRATE JUDGE**

<u>Bea Martinez</u>                    <u>   n/a   </u>
Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:              ATTORNEYS PRESENT FOR DEFENDANT:
   None present                                         None present

**PROCEEDINGS: (IN CHAMBERS)**

     On June 12, 2018, Plaintiff moved for an award of attorney's fees.  On July 12, Defendant filed its opposition.  On August 23, Plaintiff filed a reply.  The Court found this matter appropriate for resolution without a hearing.  <u>See</u> Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  After considering the supporting and opposing papers, the Court GRANTS the motion IN PART.

**I.    BACKGROUND**

     On August 9, 2017, Plaintiff Shirley Lindsay filed this action against Defendant Erwine Properties, LLC, alleging violations of the Americans with Disabilities Act of 1990 and the Unruh Civil Rights Act.  On April 26, 2018, the parties engaged in mediation and reached a full settlement.  (Mot., Mem. P. & A. at 1.)  In the settlement agreement executed that day, Defendant agreed to appropriate injunctive relief and to pay damages of $4000 to Plaintiff.  (Potter Decl., Ex. 3 at 2.)  Defendant also agreed that Plaintiff is entitled to recover reasonable attorney's fees and costs as determined by the Court.  (<u>Id.</u>)

     As the prevailing party, Plaintiff seeks a total of $14,507.50 in fees and costs.  (Mot. at 1 & Mem. P. & A. at 13-14; Potter Decl., Ex. 2.)  Defendant did not oppose her motion or otherwise seek an extension of time to do so.  On July 3, the Court

granted Plaintiff's motion. On July 11, Defendant filed an ex parte application for relief, requesting that the Court set aside its July 3 Order and seeking leave to file an opposition. The Court granted the application. Defendant filed its opposition on July 12, arguing that Plaintiff's motion should be denied because the attorney's fees charged are unreasonably excessive, duplicative, or fabricated. (Opp'n at 2.) Plaintiff filed her reply on August 23.

## II.     LEGAL STANDARD

Ordinarily, a prevailing party does not collect fees absent contractual or statutory authorization. See Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc., 707 F.2d 425, 428 (9th Cir. 1983). Under the ADA, attorney's fees are available to a prevailing party. 42 U.S.C. § 12205. Similarly, a defendant "is liable for" attorney's fees "suffered by any person denied the rights provided by" the Unruh Act, as determined by the court. Cal. Civ. Code § 52(a); see also Alaska-Rent-A-Car, Inc. v. Avis Budget Grp., Inc. 738 F.3d 960, 973 (9th Cir. 2013) (stating that in action involving state-law claims, court applies law of forum state to determine if party is entitled to attorney's fees).

When an award of attorney's fees is authorized, the court must calculate the proper amount to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, in which a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1983). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. Id. at 622-23. Once the moving party has done so, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v.

Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992). All hours that are excessive, redundant, or otherwise unnecessary should be excluded. Hensley, 461 U.S. at 434. In most cases, the lodestar figure is presumptively reasonable. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citing Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). If circumstances warrant, a court may "adjust the lodestar to account for other factors which are not subsumed within it." Id. In such cases, a court may make upward or downward adjustments based on the 12 factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992); see also Stetson v. Grissom, 821 F.3d 1157, 1167 (9th Cir. 2016) (applying Kerr factors). Those factors are largely undisputed here except for the attorneys' hourly rate and the hours expended. To the extent the Kerr factors are used to adjust the determination of "reasonable" hours times "reasonable" rate, they may not be double counted later. See Corder v. Gates, 947 F.2d 374, 377-78 (9th Cir. 1991).

### III. DISCUSSION

Plaintiff seeks a total of $14,507.50, consisting of $13,887.50 in attorney's fees and $620 in costs. (Potter Decl., Ex. 2.) Defendant accuses Plaintiff's attorneys of inflated and improper billing practices given that they are experienced disability lawyers and have filed 185 similar cases on Plaintiff's behalf alone. (Opp'n at 1-2; Daghighian Decl. ¶ 3 & Ex. A.) Those arguments are part of "a troubling trend in which disability access defendants attack the motives of plaintiffs and their counsel in nearly every case brought to enforce the right of equal access guaranteed by the ADA and California statutes." Kittok v. Leslie's Poolmart, Inc., 687 F. Supp. 2d 953, 958 (C.D. Cal. 2009) (collecting cases). Indeed, endorsing such arguments would deter disability plaintiffs from pursuing their rights under the law and would contravene a stated purpose of the ADA. See Hensley, 461 U.S. at 429 (Congress enacted fee-shifting provisions of civil-rights laws "to ensure effective access to the judicial

process for persons with civil rights grievances" (citation omitted)); Jankey v. Poop Deck, 537 F.3d 1122, 1131 (9th Cir. 2008) (legislature passed ADA in part "to ensure effective access to judicial process for persons with civil rights grievances"; therefore, recovery of attorney's fees "is the rule rather than the exception" (citation omitted)). The Court declines to further consider Defendant's policy arguments, which are better directed to Congress.

    A.    Hourly Rate

Fee applicants bear the burden of proving that their requested rates are reasonable. Chaudhry v. City of L.A., 751 F.3d 1096, 1110 (9th Cir. 2014). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990). Once a plaintiff meets the initial burden of providing evidence, "the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.'" Chaudhry, 751 F.3d at 1110-11 (quoting Camacho, 523 F.3d at 980).

Defendant contends that Plaintiff has not shown that the proposed rates are reasonable because she has proffered no evidence of prevailing market rates or declarations from all of her lawyers supporting their qualifications. (See Opp'n at 4.) But Plaintiff has submitted ample evidence to support the hourly rates sought. Mark Potter's declaration provides extensive and detailed information demonstrating that Plaintiff's attorneys are well-versed in disability law. Potter bills at $425 an hour, has practiced disability law for 20 years, and has litigated over 2000 disability cases. (Potter Decl. ¶ 6.) Russell Handy also bills at $425 an hour. (Id. ¶ 7.) He has practiced disability litigation for 17 years and has litigated over 1000 ADA cases,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:     **CV 17-5906-JPR**                                                October 18, 2018
              **Shirley Lindsay v. Erwine Props., LLC**                         Page 5
----------------------------------------------------------------

including more than 40 trials.  (Id.)  Ray Ballister bills at $425 an hour.  (Id. ¶ 8.)  He has practiced law for 29 years, including more than 10 years focusing exclusively on disability-access cases.  (Id.)  Phyl Grace bills at $350 an hour.  (Id. ¶ 9.)  She has practiced law for 22 years, and she spent the last decade focusing exclusively on disability cases.  (Id.)  Dennis Price is the most junior attorney at the firm, which is reflected in his lower billing rate of $300 an hour.  (Id. ¶ 10.)  He has been an attorney for seven years, has worked with Potter since 2012, and has participated in hundreds of disability-rights cases.  (Id.)

Potter's declaration shows that the rates billed are in line with prevailing market rates.  (Id. ¶ 12.)  He has described his "extensive experience" regarding attorney billing and court awards in disability-rights cases and has stated under penalty of perjury that "the rates billed by the Center for Disability Access for its attorneys are well within market rates."  (Id.)  In addition, courts within this district have approved fee awards for four of Plaintiff's attorneys at the same rates sought here.  See, e.g., Lopez v. Gordon, No. 2:14-cv-07791-CAS(BKx), 2016 WL 6998563, at *2 (C.D. Cal. Nov. 28, 2016) (approving hourly rates of $425 for Potter and Ballister, $350 for Grace); Salinas v. Rite Aid Lease Mgmt. Co., No. CV 10-7499 SVW (FMOx), 2011 WL 1107213, at *1-2 (C.D. Cal. Mar. 17, 2011) (approving hourly rates of $425 for Potter, Handy, and Ballister).  And Plaintiff has submitted a 2016 decision of a court within this district approving a $250 hourly rate for Price.  (Potter Decl., Ex. 5)  Given that Price has gained more than two years of experience since then, his current rate of $300 an hour is reasonable.

Defendant argues that each of Plaintiff's attorneys must submit his or her own declaration demonstrating the relevant qualifications and that the rates billed accord with prevailing market rates.  (Opp'n at 4.)  But Potter's declaration achieves this purpose.  (See Potter Decl., Ex. 5 at 4 (case finding hourly rates reasonable based on Potter's declaration of attorneys' experience and attestation that "rates billed by Center for Disability Access for its attorneys are well within market rates")); see also

Nadarajah v. Holder, 569 F.3d 906, 917 (9th Cir. 2009) (affirming award of attorney's fees at $500 an hour when party submitted declaration from former associated attorney describing her experience and attaching copies of fee awards in same geographical area where counsel had comparable experience).  As managing partner for the Center for Disability Access, Potter manages the firm's personnel and handles the billing and invoices (Potter Decl. ¶ 2), rendering him knowledgeable about the qualifications and experience of the CDA attorneys.  Moreover, given his extensive experience as a disability-rights attorney (id. ¶¶ 6, 12), the Court has no reason to mistrust his statements under penalty of perjury concerning prevailing market rates.  Defendant has provided no contradictory evidence.  In any event, Plaintiff has also submitted evidence that other courts within this district have approved fees equal or close to those sought here.  (Id., Exs. 4, 5, 6, 7.)

Accordingly, the Court finds that Plaintiff has established the reasonableness of the requested hourly rates for each of the five attorneys.

B.     Number of Hours

Plaintiff seeks $13,887.50 for a total of 33.5 hours of attorney time.  (Potter Decl., Ex. 2.)  Defendant claims that many of the hours billed are excessive or fabricated.  Plaintiff's case has been ongoing for more than a year.  Her five attorneys performed a variety of tasks to see her case through to the present motion, such as investigating claims, drafting a complaint, communicating with opposing counsel regarding settlement, preparing for and conducting mediation, reviewing and responding to Defendant's ex parte application, reviewing Court orders, and drafting the present fee motion and reply.  (Id. at 1-8.)  Although a total of 33.5 hours appears generally reasonable for the work performed, a closer examination of the billing statements reveals three areas that require minor adjustments.

1.     Excessive hours

Handy billed 2.4 hours to review the investigator's report and 80 photographs and make notes to the case file.  (Potter Decl., Ex. 2 at 4.)  Given his extensive experience with disability litigation (Potter Decl. ¶ 7) and the fact that accessible parking at only a single location was at issue (Mot. at 1), the time spent was excessive.  Accordingly, the Court reduces this time by 25 percent, or .6 hours.  See Hensley, 461 U.S. at 434 (district court may exclude any hours that are excessive, redundant, or otherwise unnecessary).

2.     Time for hearing

In addition, Potter billed an estimated eight hours in connection with the present motion — to review the opposition, prepare a reply, and attend oral argument.  (Potter Decl., Ex. 2 at 3.)  Defendant complains that this eight-hour entry constitutes block billing, which makes it impossible to determine what work was performed and for how long.  (Opp'n at 8-9.)  "'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'"  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)).  Plaintiff's billing entry sufficiently conveys the nature of the activities and the reasonableness of the time expended.  See Fitzgerald v. City of L.A., No. CV 03-01876 DDP (RZx)., 2009 WL 960825, at *8 (C.D. Cal. Apr. 7, 2009) (approving block billing when entries were detailed enough for court to assess reasonableness of time spent on tasks).[1]  But

---

[1] Apart from the eight-hour entry addressed here, Defendant points to no other block-billed entry.  In any event, the billing entries are sufficiently detailed.  See Fitzgerald, 2009 WL 960825, at *8.

because the Court found this matter appropriate for resolution without a hearing, see Fed. R. Civ. P. 78; C.D. Cal. R. 7-15, Potter's billing must be adjusted to eliminate time estimated for the hearing. Although the billing statement does not specify what percentage of the estimated time was allocated to the hearing, three hours for travel, preparation, and time at the hearing is reasonable. The Court therefore reduces the eight-hour entry by three hours.

      3.    Clerical work

Defendant also claims that Plaintiff's attorneys have improperly billed 21 different clerical tasks as attorney time. (Opp'n at 9-12.) Purely clerical tasks should not be billed at a lawyer's rate regardless of who performs them. Davis v. City & Cnty. of S.F., 976 F.2d 1536, 1543 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Having reviewed the billing entries in detail, the Court finds that all but one were appropriately billed as attorney time. Each such entry involved an attorney instructing clerical staff on work to be done. (See Potter Decl., Ex. 2. at 2-8.) Only Ballister's April 23, 2018 .1-hour billing entry for "submitted plaintiff's mediation brief" (id. at 5) appears to be clerical in nature and thus should not be included in the attorney's fee award. Accordingly, the Court reduces the fee award by .1 hour.

Defendant's remaining arguments about hours billed are without merit.

    C.    Lodestar Calculation

The lodestar based on the reasonable rates and hours discussed above is $12,315, as calculated below. Plaintiff's counsel do not seek a multiplier of the lodestar. (Mot., Mem. P. & A. at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:     **CV 17-5906-JPR**                                          October 18, 2018
              **Shirley Lindsay v. Erwine Props., LLC**                   Page 9
_____

| Timekeeper | Hourly Rate | Hours (postreduction) | Total Amount |
|---|---|---|---|
| Mark Potter | $425 | 11.1 | $4717.50 |
| Russell Handy | $425 | 5.6 | $2380 |
| Raymond G. Ballister, Jr. | $425 | 9.1 | $3867.50 |
| Phyl Grace | $350 | 3 | $1050 |
| Dennis Price | $300 | 1 | $300 |

     D.    Defendant's Rule 68 Settlement Offer

On December 17, 2017, Defendant offered Plaintiff $3000 to settle her case (Daghighian Decl. ¶ 4) under Federal Rule of Civil Procedure 68, which allows a defendant to serve a settlement offer at least 14 days before the date set for trial. See Fed. R. Civ. P. 68(a). On January 8, 2018, Plaintiff rejected the offer and made a counteroffer of $13,750 by email. (Supp. Potter Decl. ¶ 2 & Ex. B.) Plaintiff contends she received no response to the counteroffer (Reply at 6), and Defendant has submitted no evidence to the contrary. The parties settled the matter at the April 26, 2018 mediation for $4000. Defendant now claims that Plaintiff's refusal of the initial $3000 settlement offer was intended to drag on litigation and increase attorney's fees and that the $4000 settlement was not more favorable than Defendant's earlier $3000 offer in light of the significant attorney time expended to secure only an additional $1000. (Opp'n at 12; Daghighian Decl. ¶¶ 4-5.)

Rule 68 provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Here, Plaintiff recovered $4000 after mediation, 25 percent more than Defendant's initial $3000 settlement offer, which by itself renders Rule 68(d) inapplicable. See Delta Air Lines, Inc. v. August,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:     **CV 17-5906-JPR**                                           October 18, 2018
          **Shirley Lindsay v. Erwine Props., LLC**                             Page 10
--------------------------------------------------------------------

450 U.S. 346, 354 (1981) ("[Rule 68(d)] does not apply . . . to judgments in favor of the plaintiff for an amount greater than the settlement offer.") "[T]he plain language of Rule 68 confines its effect to . . . the type of case . . . in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer." Id. at 351; see also Bright v. Land O'Lakes, Inc., 844 F.2d 436, 443 (7th Cir. 1988) (focusing on plain language of Rule 68 and rejecting contention that rule precluded award of attorney's fees and costs for time spent after settlement offer that was "surprisingly close" to damages award). In any event, as Plaintiff explains (Reply at 5-6), the initial $3000 offer did not include attorney's fees or injunctive relief, making it substantially less than what the case ultimately settled for (see also Potter Decl., Ex. 3 ¶¶ 3-4). Thus, Rule 68 does not come into play.

    E.    Costs

Plaintiff seeks $620 in costs, for service fees ($20), filing fees ($400), and an investigator fee ($200). (Mot., Mem. P. & A. at 13.) These costs are reasonable, and Defendant has not argued otherwise.

## IV.    CONCLUSION

For all these reasons, Plaintiff's motion is GRANTED IN PART. Defendant is ordered to pay $12,315 in fees and $620 in costs to Plaintiff, for a total award of $12,935, no later than 14 days from the date of this Order unless the parties agree in writing otherwise.

**IT IS SO ORDERED.**